[Civ. No. 3818.    Second Appellate District, Division Two.—June 12, 1923.]

W. H. BEST et al., Respondents, v. A. TOPRAHANIAN, Appellant.

[1] APPEAL—FINDINGS—EVIDENCE—RECORD.—On appeal from a judgment in favor of the plaintiffs in an action by real estate brokers to recover a commission for finding a buyer for defendant's property, if the printed transcript contains no copy of any bill of exceptions and no attempt has been made by defendant to avail himself of the alternative method of presenting a record on appeal by causing a typewritten transcript of the evidence to be brought up, he is in no position to attack the findings of the trial court.

[2] ID.—INCLUSION OF EXHIBITS—STIPULATION—PRESUMPTION.—Where the record on appeal in such action, besides containing a copy of the judgment-roll, contains copies of certain documents, and at the end of the transcript is a stipulation, signed by counsel for the respective parties, that the transcript contains true copies of the judgment-roll and "plaintiffs' and defendant's exhibits," but there

---

1. When broker's commissions are earned, note, 139 **Am. St. Rep.** 225.

is nothing to show that other evidence was not adduced at the trial, it must be presumed, in favor of the action of the trial court, that there was other evidence besides such exhibits to support its decision.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. N. Dyke for Appellant.

Sebille & Sebille for Respondents.

FINLAYSON, P. J.—Plaintiffs, licensed real estate brokers, averring that they had been employed by defendant to find for him a purchaser of his real property, brought this action to recover their commission, alleging that they had found a buyer who was ready, willing, and able to purchase the property. Plaintiffs recovered judgment and defendant has appealed.

The case comes here upon a printed transcript which contains no copy of any bill of exceptions. No attempt has been made by appellant to avail himself of the alternative method of presenting a record on appeal by causing a typewritten transcript of the evidence to be brought up in lieu of a bill of exceptions, as he might have done under sections 953a–953c of the Code of Civil Procedure. The printed transcript, besides containing a copy of the judgment-roll, contains copies of certain documents which, on their face, would seem to be exhibits introduced in the court below during the trial of the action. At the end of the transcript is a stipulation, signed by counsel for the respective parties, stipulating that the transcript contains true copies of the judgment-roll and "plaintiffs' and defendant's exhibits."

[1] Appellant's sole point is that the evidence is not sufficient to sustain certain of the findings made by the trial court. Appellant, on the record before us, is not in a position to attack the findings. The presumption in this court is that the findings are sustained by sufficient evidence, and the burden is upon appellant to show that the decision of the court below is erroneous. This can be done only by

a duly authenticated record of the evidence. Since appellant has not brought up a typewritten transcript of the evidence, and since the printed transcript contains no bill of exceptions showing what evidence was presented to the lower court, we are unable to say that the findings are not fully justified by evidence sufficient and competent for the purpose. [2] The printed record does, it is true, set forth the stipulation that the transcript contains true copies of "plaintiffs' and defendant's exhibits," but there is nothing to show that other evidence was not adduced at the trial. Since every intendment must be indulged in support of the action of the trial court it must be presumed, in the absence of an affirmative showing to the contrary, that there was other evidence besides the exhibits to support the decision. We are not at liberty to disturb the judgment in the absence of a record sufficient to enable appellant properly to present the only point made by him.

The judgment is affirmed.

Works, J., and Craig, J., concurred.